**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ABHIJEET SINGH,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4550

Agency No.
A246-628-557

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2026**

Before: CLIFTON, FRIEDLAND, and BENNETT, Circuit Judges.

Petitioner, Abhijeet Singh, a native and citizen of India, seeks review of a

Board of Immigration Appeals (BIA) order dismissing his appeal from an

immigration judge's (IJ) decision that found him not credible and denied his

applications for asylum and withholding of removal. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252, and we deny the petition.

"When the BIA adopts the IJ's decision with a citation to *Matter of Burbano* and also adds its own comments, as it did here, we review the decisions of both the BIA and the IJ." *Gonzaga-Ortega v. Holder*, 736 F.3d 795, 800 (9th Cir. 2013). We review the agency's legal conclusions de novo and factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). "An adverse credibility determination is a factual finding reviewed for substantial evidence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Substantial evidence review means that we may only reverse the agency's determination where the evidence compels a contrary conclusion from that adopted by the [agency]." *Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018) (citation modified).

Substantial evidence supports the agency's adverse credibility finding. The record reflects numerous inconsistencies among Petitioner's various forms, declarations, and testimony. For example, although his initial Form I-589 claimed that he was "attacked and tortured by the members of the BJP Party, RSS Party, AAP and by [his] own family members," his amended Form I-589 identified the attackers as just "members of the BJP." He answered "no" when asked if he had ever worked for the BJP but later testified that he worked for the BJP as a messenger, relaying farmers' problems to party officials. Petitioner also testified

2                                                                    24-4550

that he did not volunteer for the BJP, contradicting a prior declaration in which he mentioned "volunteering for the BJP." In addition to his native Punjabi, Petitioner testified that he understands Hindi and speaks it "say 40 to 50 percent," but in a prior declaration, he referred to "my native language Hindi," and his Form I-589 listed both Hindi and Punjabi as his native languages. Further, although Petitioner testified and stated in his amended Form I-589 that he moved from Punjab to Haryana without residing anywhere in between, his initial Form I-589 indicated that he resided in Delhi for about five months before arriving in Haryana. Moreover, Petitioner testified that BJP members threatened his mother and sister, whereas a previously submitted declaration identified only his father as the person receiving threats from the BJP.

In reviewing the agency's adverse credibility determination, we look to the "totality of the circumstances[] and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). "Under the REAL ID Act, even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Yaogang Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (citing *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010)). Here, the inconsistencies, in addition to being numerous, range from biographical details—

such as language proficiency—to more substantial ones—including the identity of the attackers—and amply support the agency's adverse credibility determination.

"In the absence of credible testimony, substantial evidence supports the denial of asylum and withholding of removal." *Ani v. Bondi*, 155 F.4th 1118, 1131 (9th Cir. 2025).

**PETITION DENIED**.